**SAVE THE MANATEE CLUB,
et al., Plaintiffs,**

v.

**Lt. General Joe N. BALLARD,
et al., Defendants.**

**No. CIV. 00–76 (EGS/JMF).**

United States District Court,
District of Columbia.

Aug. 1, 2002.

Eric Robert Glitzenstein, Meyer & Glitzenstein, Washington, DC, for Plaintiffs.

Michael C. Johnson, U.S. Attorney's Office, Wayne Douglas Hettenbach, Matthew Love, U.S. Department of Justice Environmental Division, Virginia Swisshelm Albrecht, Andrew Jacob Turner, Andrew Jacob Turner, Hunton & Williams, John Louis Longstreth, Preston, Gates, Ellis & Rouvelas Meeds, Robert Lee Gulley, U.S. Department of Justice Environmental Division, Washington, DC, for Defendants.

**ORDER**

SULLIVAN, District Judge.

This case was originally filed by the Save the Manatee Club ("SMC") and 17 other environmental and animal protection organizations against the United States Fish and Wildlife Service ("FWS") and the United States Army Corps of Engineers pursuant to the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA"), and the Marine Mammal Protection Act ("MMPA"). Plaintiffs alleged that various actions by these federal defendants violated the statutes in question by failing to protect the endangered manatee throughout the state of Florida. After nine months of extensive settlement negotiations conducted by United States Magistrate Judge John Facciola, the parties entered into a Settlement Agreement on January 5, 2001. This Court issued an Order granting the parties' joint motion for approval of the Settlement Agreement on January 5, 2001, and then approved and filed that Settlement Agreement as a Order of this Court on January 17, 2001.

On July 9, 2002, this Court granted Plaintiff's Expedited Motion to Enforce the Court–Ordered Settlement Agreement and held that defendants were in violation of that Agreement. *See* Memorandum Opinion and Order of 7/9/2002. That Memorandum Opinion and Order enforced the plain language of the Agreement and held defendants to the bargain they voluntarily entered over a year before.[1] This Court then ordered the parties to brief the issue of an appropriate remedy for this violation, hoping to benefit from the considered suggestions of those with expertise

---

1. In their submission on remedy and at oral argument before this Court, the federal defendants and intervenor-defendants characterize this Court's Memorandum Opinion and Order as reading additional substantive requirements into the Settlement Agreement that was reached between the parties. As the Memorandum Opinion and Order make clear, this Court did nothing more than enforce the substance of the Agreement that the parties entered.

in the area of manatee protection. Defendants' submission on the issue of remedy utterly fails to meet this Court's expectation. For the first time, defendants have taken the position that the Settlement Agreement violates the Administrative Procedures Act and must be vacated. Defendants have not moved to vacate or modify this agreement, but instead have argued that the appropriate remedy for defendants' violation of this Agreement is for this Court to vacate the allegedly illegal Agreement. Furthermore, defendants argue that if this Court is going to order defendants to publish a final rule with respect to manatee refuges and sanctuaries throughout peninsular Florida, they need until December 2, 2002 to do so, which happens to be one day after the date to which defendants had originally deferred this rule-making prior to this Court's involvement.

This Court has considered the parties' submissions on the issue of remedy, as well as the oral arguments of counsel at the hearing on July 31, 2002. For the reasons given in open court, in order to remedy defendants' ongoing violation of Paragraph 11 of the Settlement Agreement, it is hereby

**ORDERED** that defendants shall, in accordance with this Court's July 9, 2002 Memorandum Opinion, publish in the Federal Register a "final rule for new manatee refuges and sanctuaries throughout peninsular Florida," as required by Paragraph 11 of the Settlement Agreement; it is

**FURTHER ORDERED** that this final rule shall be published by no later than **November 1, 2002;** it is

**FURTHER ORDERED** that plaintiffs may file an appropriate motion requesting attorney's fees by no later than 30 days from the date of this Order; it is

**FURTHER ORDERED** that any objections to plaintiffs' request for fees shall be filed by no later than 45 days from the date of this Order; it is

**FURTHER ORDERED** that plaintiffs' may submit for this Court's review by no later than **Friday, August 2, 2002** a proposed order with respect to any other relief related to the emergency designation of manatee protection zones by the FWS that plaintiffs believe is appropriate prior to the November 1, 2002 publication of the final rule; it is

**FURTHER ORDERED** that all defendants, including Secretary of the Interior Gale Norton and the other individually-named and agency defendants, by no later than **September 3, 2002** shall **SHOW CAUSE** why they shall not be held in contempt of this Court's Orders of January 5, 2001 and January 17, 2001; it is

**FURTHER ORDERED** that plaintiffs shall file any response to defendants' response to the show cause order by no later than **October 1, 2002;** it is

**FURTHER ORDERED** that defendants shall file any reply by no later than **October 15, 2002;** it is

**FURTHER ORDERED** that a status hearing shall be held on **November 4, 2002** at **10:00 a.m.** in **Courtroom One;** it is

**FURTHER ORDERED** that defendants' oral motion to stay this Order pending an appeal is **DENIED.**

**IT IS SO ORDERED.**